UNITED STATES COURT OF APPEALS
for the Fifth Circuit

**United States Court of Appeals**
**Fifth Circuit**

**F I L E D**

April 20, 2007

**Charles R. Fulbruge III**
**Clerk**

No. 06-30492

In Re: In the Matter of: SOUTH LOUISIANA SUGARS COOPERATIVE INC,
as Owner/Operator of the 1937 155' Dock Barge for Exoneration
From or Limitation of Liability
------------------
SOUTH LOUISIANA SUGARS COOPERATIVE INC, as Owner/Operator of the
1937 155' Dock Barge,

Third Party Plaintiff - Appellant,

VERSUS

AUDUBON INSURANCE GROUP,

Third Party Defendant - Appellee.

Appeal from the United States District Court
for the Eastern District of Louisiana

Before REAVLEY, DeMOSS, and BENAVIDES, Circuit Judges.

DeMOSS, Circuit Judge:

This is an action in which the Appellant, South Louisiana Sugars Cooperative, Inc. ("SLSC"), sought coverage from the Appellee, Audubon Insurance Group ("Audubon"), under a commercial general liability policy after SLSC was sued for personal injuries by a third party. Audubon asserts two exclusions within the policy apply to deny all coverage. The district court granted summary judgment in favor of Audubon, and SLSC now appeals. For the

1

following reasons, we VACATE the decision of the district court and remand for further proceedings.

## I. Factual and Procedural History

The facts of this case are not disputed. Trevor Barnes, an employee of Acadia Labor Services ("Acadia"), was injured while aboard a dock barge owned by SLSC. Barnes sued SLSC, and SLSC filed a limitation action and a third-party complaint against Audubon. SLSC claimed that Audubon's commercial general liability policy provided coverage for Barnes' personal injury claims. Audubon denied any obligation by asserting that either the "employee" exclusion and/or the "watercraft" exclusion applied to Barnes' claims.

Both parties moved for summary judgment. The court granted Audubon's motion based on the employee exclusion after determining that Barnes was a "leased worker" and therefore an employee of SLSC as defined by the policy. The court did not discuss whether the watercraft exclusion would have alternatively served as adequate grounds for summary judgment.

SLSC moved for reconsideration and additionally presented new evidence in the form of an affidavit that would have supported an alternate theory that Barnes was a "temporary worker" and not a "leased worker" under the policy. The court denied the motion for reconsideration and refused to consider the new affidavit because SLSC did not provide any explanation for not previously producing the new evidence.

SLSC now appeals both the grant of Audubon's motion for summary judgment and the denial of SLSC's motion for reconsideration. On appeal, Audubon argues that the watercraft exclusion could serve as alternate grounds for affirming the district court.

## II. Discussion

### A. Standard of Review

A district court's grant of summary judgment is reviewed de novo. *Consumers County Mut. Ins. Co. v. P.W. Trucking & Sons*, 307 F.3d 362, 365 (5th Cir. 2002). Summary judgment is proper when the "pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." FED. R. CIV. P. 56(c).

### B. The Employee Exclusion

The insurance policy excludes coverage for bodily injuries to employees. The term "employee" is defined to include a "leased worker." The policy defines "leased worker" as:

> "Leased worker" means a person leased to you by a labor leasing firm under an agreement between you and the labor leasing firm, to perform duties related to the conduct of your business. "Leased worker" does not include "temporary worker."[1]

---

[1]**"Temporary worker" is defined as a person who is furnished**

The following evidence was submitted to the court through affidavits and is not disputed by the parties:

(1)  Acadia and SLSC had a verbal agreement under which Acadia agreed to supply labor workers to SLSC to provide stevedoring services;

(2)  As a condition of the verbal agreement between SLSC and Acadia, Acadia was required to provide general liability coverage for at least $1,000,000 and maintain workers' compensation insurance on its employees;

(3)  Acadia decided which employees went to work for SLSC and also provided an on-site supervisor to oversee its employees at SLSC's facilities;

(4)  Acadia submitted weekly invoices to SLSC;

(5)  Barnes was employed by Acadia at the time of the accident;

(6)  Acadia retained all rights to hire or fire Barnes, paid Barnes' salary, and maintained workers' compensation insurance for Barnes; and

(7)  Pursuant to the policy issued to Acadia, Louisiana Workers Compensation paid benefits to Barnes in connection with his injuries sustained at SLSC's facilities.

---

**to SLSC either (1) as a substitute for a permanent employee, or (2) to meet seasonal or short-term workload conditions.**

Based on this evidence alone, the district court determined Acadia to be a labor leasing firm and Barnes to be a leased worker pursuant to the oral agreement between Acadia and SLSC. We are unconvinced that this evidence, without further development, is sufficient to establish as a matter of law that Barnes is a leased worker as defined by the policy. Therefore we remand this issue to the district court for further proceedings.

C.    *The Watercraft Exclusion*

The district court did not address whether, in the alternative, coverage for Barnes' injuries are excluded under the policy's watercraft exclusion.[2] We decline to address the applicability of this exclusion at this time in light of the fact that the Louisiana Supreme Court has granted certiorari to determine if the language of this watercraft exclusion is ambiguous. *See Henry v. S. La. Sugars Coop., Inc.*, 940 So. 2d 688 (La. Ct. App. 2006), *rev. granted by* 948 So. 2d 183 (La. Feb. 2, 2007). Therefore, on remand, the district court should take into consideration the ruling of the Louisiana Supreme Court when determining the applicability of this exclusion to the case at

---

**[2]This provision excluded coverage for bodily injury arising out of the use or operation of any watercraft owned by SLSC. There was an exception to the application of this exclusion, however, if the watercraft is "ashore on premises" owned by SLSC. The parties dispute whether the dock barge moored next to SLSC's facility is "ashore on premises" owned by SLSC.**

5

hand.

## III.  Conclusion

For the foregoing reasons we VACATE the order of the district court granting summary judgment in favor of Audubon and REMAND for further proceedings.